## Grand Lodge, I. O. O. F., etc., v. Koehler et al.

*H. Frank Eshleman*, for plaintiff.

*Zimmerman, Myers & Kready*, for defendants.

SCHAEFFER, P. J., October 29, 1943.—In this equity proceeding defendants have filed preliminary objections to the amended bill in equity under Rule 48 of the Equity Rules of the Supreme Court of Pennsylvania. Of the five reasons assigned only the first one is pressed, which is as follows: "The bill sets forth that the same is filed by Charles H. Schwenk and Frank Shannon, trustees ad litem, for themselves and all other members of the Grand Lodge, but there is nothing to indicate that they are trustees ad litem."

In this case plaintiff is an unincorporated association. Pa. R. C. P. 2151, governing unincorporated as-

sociations as parties, provides that the word " 'action' means any civil action or proceeding at law or in equity . . ." and that " 'association' means an unincorporated association conducting any business or engaging in any activity of any nature whether for profit or otherwise under a common name . . ." Rule 2152 provides as follows: "An action prosecuted by an association shall be prosecuted in the name of a member or members thereof as trustees ad litem for such association. An action so prosecuted shall be entitled 'X Association by A and B, Trustees ad Litem' against the party defendant." In Pennsylvania Chiropractors' Assn., etc., v. State Board of Medical Education and Licensure et al., 41 D. & C. 519, opinion by Hargest, P. J., this rule was upheld.

Accordingly, the court concludes that this proceeding in equity is in accordance with the Pennsylvania Rules of Civil Procedure so far as the form or caption of the suit relating to plaintiffs is concerned. However, defendants contend that the bill is defective because the mere statement in the bill that plaintiffs are trustees of the Grand Lodge, and that they bring this action for themselves and for all other members of the Grand Lodge as trustees ad litem, is not sufficient. Defendants argue:

"There should be some evidence that they are such trustees. The ordinary method of producing such proof would be to have a resolution of the Grand Lodge naming these parties as trustees and have a copy of said resolution attached to the bill. . . . It is further necessary to set forth how such trustees were selected."

While the bill in equity should contain a concise statement of the essential facts upon which plaintiffs' claim for relief is based, so as to give defendants an opportunity to meet them, nevertheless, it is not necessary that the bill in equity should set forth the evidence of such facts.

It is alleged in the bill in equity that plaintiffs are the trustees of the Grand Lodge I. O. O. F., of Pennsylvania. In that capacity they have apparent authority to sue on behalf of the plaintiff unincorporated association. In Murphy v. Beverly Hills Realty Corp., 98 Pa. Superior Ct. 183, it was held that apparent authority is such authority as a reasonably prudent man, using diligence and discretion in view of his conduct, would naturally suppose the agent to possess. In the bill in equity in the instant case the authority of the trustees to sue or institute proceedings in equity in the interest of the plaintiff association is a matter of evidence and must be proven at the trial of the case. It is not necessary to aver or specify the terms of the alleged authority in the pleadings.

And now, October 29, 1943, the preliminary objections to the amended bill in equity filed in this case are dismissed and defendants are allowed 30 days to file an answer thereto on the merits.