## Highway Truck Drivers and Helpers, Local 107 *v.* Cohen, Appellant.

Argued April 27, 1961.. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused August 16, 1961.

*Samuel Dash*, with him *Dash and Levy*, for appellants.

*Charles F. Nahill*, with him *Morton Witkin*, and *Witkin and Egan*, for appellant.

*Edward B. Bergman*, for appellee.

OPINION BY MR. JUSTICE EAGEN, July 17, 1961:

These appeals are from an order of the court below dismissing the defendant-appellants preliminary objec-

tions to an amended complaint in equity. Jurisdictional questions are in issue, under the provisions of the Act of March 5, 1925, P.L. 23, §1, 12 PS §672.

The action was commenced by ten members of Local 107, Highway Truck Drivers and Helpers, an unincorporated association and an affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. It was instituted in the name of, and on behalf of, the Local; the complaining members being designated trustees ad litem. The complaint seeks an accounting from the defendant-appellants of large sums of money belonging to the Local allegedly misappropriated by the defendants, all of whom, except one, are officers of the Local. The lone exception having served for approximately three years as business agent. Also sought is the appointment of a trustee to conduct the financial affairs of the Local, an injunction restraining defendants from expending union funds pursuant to a resolution of the membership of the Local, and a recovery of certain legal fees and costs.

It is asserted that the trustees ad litem failed to exhaust the internal remedies provided for by the constitution of the international association and that this failure so to do, denied the lower court jurisdiction of the cause.

There can be no question but that the law as propounded by this Court in a host of cases from *Maloney v. U. M. W. A.*, 308 Pa. 251, 257, 162 Atl. 225 (1932), to *Falsetti v. Local Union No. 2026 U. M. W. A.*, 400 Pa. 145, 158, 161 A. 2d 882 (1960), has been that courts will not entertain jurisdiction unless all remedies afforded by the by-laws and constitution of an association have been exhausted.

Plaintiff-appellee concedes this but takes the dual position that (a) because of the type of relief sought, the rule is not applicable; (b) that, in any event, the delay with which every attempt internally to remedy the

wrongs complained of met brings this case within an exception to the general rule, citing *Falsetti,* supra. This Court in *Falsetti* declared: "Still another exception to the rule is where to insist that a member exhaust the appellate procedure would be unreasonably burdensome . . ." When the chronology of the events pertinent to these appeals is set out, it is readily seen that the facts pleaded fall squarely within the exception referred to.

The initial step taken by the trustees ad litem occurred on June 6, 1958, when some of them filed charges against all the defendants (except Lapensohn). From that date to April 26, 1960 (the date of the filing of the original complaint in this case), no action was taken or hearings held upon these charges. However, just three days later, on April 29, 1960, the president of the international union finally sent out notices convening a three-man panel to hear the charges. These hearings were, as of the date these appeals were heard, still in progress. It is significant that the panel was convened just one month and two days before the six-year statute of limitations would have run on the first misappropriation alleged. We think it painfully apparent that to demand of the plaintiff that it exhaust all internal remedies would be, in the peculiar circumstances of this case, to impose an unreasonable burden. The burden is unreasonable because it would effectually afford the allegedly offending defendants the complete shield of the applicable statute of limitations.

It is next argued that because of the pendency of an action brought by these same trustees ad litem in the United States District Court for the Eastern District of Pennsylvania prior to the institution of the instant proceeding, against the same defendants, and for essentially the same relief, the lower court was without jurisdiction. It is claimed that the federal court has taken jurisdiction "over the res" that is the subject of

this proceeding and that this action is in rem or quasi in rem. We cannot agree. There does not appear to be any one fund or any designated and certain monies for which an accounting is asked. Rather, large but varying sums of money allegedly misappropriated over a period of years in various ways are here involved. The relief prayed for is a judgment in personam against those allegedly responsible. Moreover, the federal court has no jurisdiction over any matters relevant to these proceedings which occurred before the effective date of the Labor-Management Reporting and Disclosure Act, which was September 14, 1959. And it is clear that recovery in these instant proceedings is sought for misappropriations allegedly occurring primarily from June of 1954 to September of 1957.

It is also contended that the amended complaint is defective on its face because it shows a misjoinder of parties and causes of action. The asserted misjoinder of parties is said to have arisen because of the joinder of the defendant, Lapensohn, who, unlike the other defendants, was never an officer, or even a member of Local 107. This is admitted by plaintiff-appellee but it is specifically alleged that the defendant, Lapensohn, was appointed business agent of the Local on or about June 1, 1954, and that he remained in that position for about three years. It is further alleged that, while acting "as agent for (and) on behalf of the Local," he received various sums of money both from the Local and from third parties which he diverted to the personal use of himself and others. This charge, in nature, is similar to those pleaded against the other defendants and the causes of action against them and against Lapensohn are definitely related. In as much as it seems clear that judgments in personam are requested, it is not controlling that the other defendants were officers of the Local while Lapensohn was merely serving as its business agent.

It is lastly urged that since the trustees ad litem failed to allege any authority conferred upon them by the membership of the Local to bring the instant proceeding, and since they do not have apparent authority so to act, the action could not be instituted. The trustees ad litem brought this action under Pa. R. C. P. 2152. At page twenty-five of the "Brief for Appellants in No. 197," this Court is told that the trustees ad litem "in fact . . . violated this rule." That they did not, but instead brought this action in direct compliance with said rule, is manifestly shown by so much of the language of the rule as counsel for defendants in No. 197 saw fit to omit. An action by an unincorporated association is properly brought in the name of the association by named members as trustees ad litem. In a lower court case that has been "on the books" for eighteen years, it was held unnecessary for the plaintiffs to incorporate in their pleadings evidence to prove their authority to sue as trustees ad litem. Therein it was correctly held that if the form of the action complies with the requirements of the rule, the question of lack of authority is an issue to be resolved at trial. See, *Grand Lodge I.O.O.F. v. Koehler*, 50 Pa. D. & C. 693 (1943). It seems clear to us that the lower court properly entertained the matter and that it had jurisdiction both of the subject matter and of the defendants.

Order affirmed.

Mr. Justice MUSMANNO dissents.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

Pennsylvania Rule of Civil Procedure §2152 requires that "An action prosecuted *by* an association shall be prosecuted in the name of a member or members thereof as trustees ad litem for such association." (Emphasis supplied) Therefore, the right of persons to sue on

behalf of an unincorporated association is established by the fact that the complaint described them as trustees ad litem. While I would not require that proof be plead establishing the fact that they are trustees of the unincorporated association, I would, however, require that an allegation be made to the effect that they are in fact trustees of the association. This was not done in the instant complaint.

I, therefore, would reverse and remand for amendment of the complaint, and if a proper allegation could not be made I would then dismiss the complaint.

The majority have not discussed, nor have the parties argued, the right of members of an unincorporated association to bring a secondary or derivative action when the majority of the members are opposed. This appears to be in reality the nature of the present action even though it is brought in its present context as a direct action by the association.