# Highway Truck Drivers and Helpers, Local 107 v. Cohen (et al., Appellant).

Argued November 14, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Richard H. Markowitz,* with him *Wilderman, Markowitz & Kirschner,* for appellant.

*Edward B. Bergman,* with him *Solo, Bergman and Trommer,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 8, 1963:

This matter arises out of a complaint in equity brought on behalf of Highway Truck Drivers and Helpers Local 107 (Local) by ten of its members suing in the capacity of trustees ad litem under Pa. R. C. P. 2152. The complaint alleges that the defendants, seven officers of the Local and its former business agent, misappropriated large sums of money from the Local treasury. It seeks an accounting from the defendants and prays that a receiver be appointed in order "to prevent continuing acts of fraud, misappropriation, and breach of fiduciary duty." In addition, the complaint seeks reimbursement out of funds belonging to the Local for legal fees and expenses connected with this suit. Defendants' preliminary objections to the complaint were dismissed and on appeal to this Court that ruling was affirmed. *Highway Truck Drivers and Helpers, Local 107 v. Cohen,* 405 Pa. 55, 172 A. 2d

824 (1961). Prior to that appeal, a petition to intervene in the name of the Local[1] was filed asserting therein that the trustees ad litem were not authorized to act on behalf of the Local. The petition also averred that the interests of the Local in preserving its autonomy would be adversely affected if it were not permitted to intervene. The court below, relying on *Highway Truck Drivers and Helpers, Local 107 v. Cohen*, supra, denied the petition to intervene. An appeal to this Court followed.

Unquestionably, the Local has the requisite interest and status to intervene under Pa. R. C. P. 2327(3)(4).[2] The interests of the Local may be seriously affected by a judicial determination that the trustees ad litem are the proper representatives to bring this suit. In addition to the issue of representation, the interests of the Local would be affected by an order directing appointment of a receiver over its financial affairs and recovery of legal fees and expenses from its treasury. Certainly, the Local should be permitted to be heard on these vital questions.

---

[1] Pa. R. C. P. 2153(a) provides that when an action is prosecuted against an unincorporated association it shall be sufficient to use its association name without naming any trustees ad litem. Since the Local will be aligned on the side of the defendant and will act as a defendant for the purpose of contesting certain of appellee's claims, it is not necessary that it intervene in the name of trustees ad litem as is required when the union is in the position of plaintiff. Pa. R. C. P. 2152. However, as in the case of the plaintiff trustees ad litem, the authority of the petitioners to intervene on behalf of the local can be questioned at trial.

[2] "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if . . . (3) such person could have joined as an original party in the action or could have been joined therein; or (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

The only question before us then is whether the lower court abused its discretion by relying on our opinion in *Highway Truck Drivers and Helpers, Local 107 v. Cohen*, supra, to support its ruling that the trustees ad litem "adequately represented" the Local.[3] In the earlier *Local 107* case we held that "it was unnecessary for the plaintiffs to incorporate in their pleadings evidence to prove their authority to sue as trustees ad litem." In that case we were careful to point out that "if the form of the action [trustee ad litem] complies with the requirements of the rule, the question of lack of authority is an issue to be resolved at trial." (405 Pa. at 60).[4] The lower court mistakenly interpreted the foregoing language to mean that we had approved of the trustees ad litem as "adequately representing" the interests of the Local. In the former action, we only approved of the form of action and nothing more. We therefore conclude that the order denying the petition to intervene must be reversed.

In granting the petition to intervene we must note that the intervention is only permitted for the purposes of (1) questioning the amount, if any, of counsel fees and other expenses to which the appellees are entitled; (2) questioning the propriety of the appointment of a receiver or trustee to conduct the financial affairs of the Local; (3) and most important, questioning the authority of the trustees ad litem to represent the Local. Furthermore, it is our view that if

---

[3] Pa. R. C. P. 2329 (2) states that an "application for intervention may be refused, if . . . the interest of the petitioner is already adequately represented."

[4] By stating that the question of "lack of authority" is an issue to be resolved at trial we did not intend to indicate how that "authority" shall be determined. It is for the lower court to formulate what standards should govern the determination of whether the trustees ad litem are the proper representatives to assert any rights which the Local may have against the defendants.

at trial the representation issue is resolved in favor of the trustees ad litem, then the intervenors will no longer have standing to resist appellants' claim against defendants for the allegedly misappropriated funds since their interests would then be "adequately represented" on that issue. Pa. R. C. P. 2329 (2).

It should also be mentioned that if the trustees ad litem are deemed to be the proper representatives of the Local, then the intervenors should not use their intervention on the above-mentioned issues (1) and (2) to obstruct, hinder, or interfere with the prosecution of the claims of their lawful representatives against the defendants.

Order reversed. Costs to abide the event.