## Bethlehem Steel Corp. v. Litton Industries, Inc.

636

*William B. Mallon, Willis A. Siegfried, Jr.,* and *J. W. Montgomery, III,* of *Eckert, Seamans, Cherin & Mellott,* for plaintiff.

*Bruce W. Kaufman, Robert W. Maris, Carl Hanzelik,* of *Dilworth, Paxon, Kalish, Levy & Coleman,* and *Harold Gondelman,* of *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for defendants.

HESTER, *J.*, October 24, 1974—Presently before the court are preliminary objections filed by defendant, Litton Industries, Inc. (hereinafter referred to as "Litton"), and Erie Marine, Inc., a Division of Litton Industries, trading as Erie Marine Division of Litton Industries, (hereinafter referred to as

"Erie Marine"), to the complaint in assumpsit filed by plaintiff, Bethlehem Steel Corporation (hereinafter referred to as "Bethlehem").

Plaintiff seeks damages in an amount "in excess of $95,000,000.00" from defendants Litton and Erie Marine as a result of defendants' alleged anticipatory repudiation and breach of an option agreement, allegedly properly exercised by Bethlehem for the purchase of three 1,000-foot self-unloading ore vessels, hereinafter referred to as "vessels."

Extensive oral arguments on said preliminary objections were heard by this court on Thursday, September 19, 1974. At said argument, Litton and Erie Marine filed with this court a memorandum in support of their preliminary objections. Bethlehem filed a memorandum in opposition thereto. On October 2, 1974, defendants filed a reply memorandum in support of preliminary objections. On October 4, 1974, plaintiff further communicated with the court and submitted an index of cases cited in its original brief; thereafter, on October 7, 1974, defendants filed with this court additional legal arguments in reply to plaintiff's October 4th letter memorandum.

Basically, defendants' preliminary objections consist of:

(a) A motion to strike the complaint as the result of an alleged lack of conformity to law and rules of court, specifically Pa.R.C.P. 1019(h), 1019(a) and 1022;

(b) A motion for a more specific pleading, specifically as provided by Pa.R.C.P. 1019(f); and

(c) A motion to strike off impertinent matter pursuant to Pa.R.C.P. 1017(b)(2), which impertinent matter allegedly appears in said complaint at

paragraph 13(1) dealing with plaintiff's prayer for damages.

Attached to, incorporated in, and made a part of plaintiff's complaint are the following written instruments:

(a) A letter and attachment under date of April 25, 1968, from defendant, Erie Marine, to Bethlehem which purportedly extended to Bethlehem until December 31, 1968, at 5 p.m. (E.S.T.), an offer to enter into an option agreement for the construction of from one to five additional vessels.

(b) A letter under date of May 8, 1968, which refers to the letter under date of April 25, 1968, above, from defendant, Litton, to Bethlehem, which letter allegedly furnished Bethlehem with the percent of labor and material included in the price, $20,400,000 for each vessel, subject to escalation.

(c) A letter and attachment under date of December 31, 1968, from Bethlehem to Erie Marine, which letter purportedly evidenced Bethlehem's acceptance of defendants' offer to enter into said option agreement, the option agreement allegedly being contained in the within letter and attachment thereto and allegedly having been agreed to by Litton.

(d) A letter under date of November 16, 1973, from Bethlehem to Erie Marine, which letter purportedly evidenced the exercise by Bethlehem of its option to order from one to five vessels; in this instance two vessels.

(e) A letter under date of December 26, 1973, from Bethlehem to Erie Marine, which letter purportedly evidenced the exercise by Bethlehem of its option to order from one to five vessels; in this instance, one more vessel.

Defendants' first series of preliminary objections are in the nature of a motion to strike off the complaint because of its lack of conformity to law and rules of court, specifically Pa.R.C.P. 1019(h), 1019(a), and 1022. Pa.R.C.P. 1019(h) provides:

"(h) A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing." Adopted June 25, 1946. Effective January 1, 1947.

Defendants contend that plaintiff failed to satisfy Rule 1019(h) with respect to certain agreements, options, tenders and demands in the following particulars:

(a) An agreement, also under date of April 25, 1968, between Erie Marine and Bethlehem for the construction of one vessel; that agreement allegedly evidencing a partial inducement and consideration for defendants' offer to Bethlehem to enter into an option agreement.

(b) The agreement which allegedly came into existence between Bethlehem and Erie Marine as a result of Bethlehem's letter under date of November 16, 1973.

(c) The agreement which allegedly came into existence between Bethlehem and Erie Marine as a result of Bethlehem's letter under date of December 26, 1973.

(d) "The executed Options."

(e) The guarantee by Litton of the obligation of Erie Marine.

(f) The agreement(s) which resulted from the "Exercise of the Option."

(g) The alleged manifestation of defendants' expressed and unequivocal refusal to perform in accordance with their obligations.

(h) Defendants alleged demand for "the payment of a price for each vessel many millions of dollars in excess of the price provided in the Option Agreement."

(i) Plaintiff's alleged tender to each of defendants of its executed contract containing only the terms, conditions, and provisions as provided in the option agreement . . . for each vessel.

In further support of its first series of preliminary objections, defendants contend that plaintiff's complaint should be stricken because of its lack of conformity to law and rule of court in that plaintiff's paragraphs nos. 3, 5, 8, 9, 10, 11 and 12 each purportedly contain multiple allegations in violation of Pa.R.C.P. 1022, which provides:

"Every pleading shall be divided into paragraphs numbered consecutively. Each paragraph shall contain as far as practicable only one material allegation." Adopted June 25, 1946. Effective January 1, 1947.

Additionally, defendants claim that plaintiff's complaint also lacks conformity to law and rule of court in that paragraphs 3, 5, 8, 9, 10, 11 and 12, do not state the material facts in "a concise and summary form" as required by Rule 1019(a); but rather said paragraphs are "permeated with conclusions of law."

A careful review of the complaint and exhibits attached thereto, counsels' memoranda and the substance of counsels' oral arguments, convinces this court that plaintiff has properly pleaded the existence of, and has properly attached to its com-

plaint, those writings which allegedly comprise the option agreement and plaintiff's purported exercises thereof, which documents plaintiff contends embody the basis of its claim and, accordingly, are the only writings required to be attached under Pa.R.C.P. 1019(h).

The writings which are the subject of these objections, if said writings, in fact, exist, are not the documents which purportedly create the legal obligations which defendants have allegedly anticipatorily repudiated and breached. The writings sought, while potentially of evidentiary nature with respect to the underlying facts and circumstances giving rise to this litigation, are not such as to constitute the legal foundation of the action as alleged and, accordingly, are not required to be specified and thereafter attached to plaintiff's complaint.

A review of the substance of defendants' specific objections under Rule 1019(h), reveals the following:

(a). The agreement or contract under date of April 25, 1968, for the construction of one vessel has been performed and no claim for breach of that contract is advanced in the within action. Furthermore, that contract is not the basis of plaintiff's purported cause of action.

(b), (c), (d) and (e). The "agreement" which allegedly came into existence was the option agreement, said option agreement having been purportedly exercised by Bethlehem's letters of November 16, 1973, and December 26, 1973, respectively. It is this court's impression and understanding that the alleged exercise of said option agreement by plaintiff, in and of itself, constituted "the executed options" and "the agreements which (allegedly) (sic) resulted from the exercise of the options."

(f ). The alleged specific guarantee by Litton of the obligation of Erie Marine is purportedly to be in writing, copies of which are attached to plaintiff's complaint.

(g) and (h). The alleged manifestation of defendants' expressed and unequivocal refusal to perform its alleged obligation pursuant to the option agreement, as well as defendants' alleged demand for the payment of a price "many millions of dollars in excess . . .," are issues of ultimate fact; the form of said alleged "refusal" and "demand" being evidentiary in nature, the pleading of which, therefore, needs no greater specificity.

(i). Plaintiff's alleged attempt to obtain compliance with its option agreement notwithstanding defendants' alleged and anticipatory repudiation and breach of said option agreement is similarly an evidentiary matter, accordingly said alleged tender by plaintiff need not be pleaded with any greater specificity.

See the court's discussions in Pennsylvania Water & Power Co. v. Garver, 17 D. & C. 2d 341 (1958), and Hart v. Hackman, 57 Lanc. L. R. 511 (1961), which deal with the appropriateness of the annexation of writings other than option agreements themselves in suits brought on the basis of those option agreements.

It is this court's opinion, that defendants' specific preliminary objections pursuant to Pa.R.C.P. 1019(h) are without merit and, therefore, shall be dismissed.

In further support of its preliminary objections in the nature of a motion to strike, defendants allege that plaintiff's complaint, specifically paragraphs 3, 5, 8, 9, 10, 11 and 12, therein, contain multiple allegations, do not state the material facts in a con-

cise and summary form, and are permeated with conclusions of law.

Pa.R.C.P. 1022 provides that "Each paragraph shall contain *as far as practicable* only one material allegation." (emphasis supplied). This rule has been construed liberally; moreover, if no real prejudice to defendant is shown, technical violations generally have been ignored: 1 Goodrich-Amram, §1022-1, 1974 Supplement, Binder 1 and 2, p. 318.

"A lengthy and complex paragraph does not violate rule 1022, if the subsidiary facts fit together in a single allegation.": Home Builders Association of Metropolitan Pittsburgh v. Allegheny Plumbing Board, 50 D. & C. 2d 275, at 282 (C.P. Allegheny, 1970).

A review of paragraphs 3, 5, 8, 9, 10, 11 and 12 of plaintiff's complaint convinces this court that, notwithstanding the length of each paragraph, each contains basically but one material allegation with certain supportive informative subsidiary allegations included therein; that the material allegations are stated in as concise and summary a fashion as is *reasonably practical* in a sophisticated commercial transaction as the one at bar; and that plaintiff's complaint is not so "permeated with conclusions of law" so as to possibly affect the substantive rights of the objecting parties.

An interesting observation is offered by plaintiff in its memorandum at page 20 wherein it is stated:

"The only significance of this particular objection [sic] is that it further shows the delaying tactics with which plaintiff is confronted. Where a detail is alleged to be missing defendants demand a specific statement, but where a detail is supplied defendants criticized the Complaint as not being suffi-

ciently concise. This inconsistent hairsplitting will not advance the 'just, speedy and inexpensive determination' of this action as is mandated by Rule 126 of the Pennsylvania Rules of Civil Procedure."

Accordingly, defendants' preliminary objections in the nature of a motion to strike off the complaint because of its lack of conformity to law and rules of court 1019(h), 1019(a), and 1022, respectively, shall be denied.

Defendants' second series of preliminary objections is in the nature of a motion for a more specific pleading pursuant to Pa.R.C.P. 1017(b)(3).

Defendants contend that there are 12 specific situations wherein plaintiff has failed to plead with requisite "specificity."

It is this court's considered opinion that plaintiff's complaint does not violate either the letter or spirit of Pa.R.C.P. 1017(b) (3) generally, or in any of the 12 particulars cited by defendants.

"The test is whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense. . . . Where facts are within the knowledge of the adverse party, he is not entitled to as much precision in his pleading as if he did not know them.": Inch v. Walz, 35 Northum. Leg. J. 166 (1963); Minkoff v. Fetterolf, 35 Northum. Leg. J. 171 (1963); Vogeler, Inc. v. Sunbury Foods, Inc., 39 Northum. Leg. J. 30 (1966).

"A more specific complaint will be ordered where the complaint does not adequately inform the defendant of the issues he must meet.": Cappo v. Trusio, 32 Fayette LJ 120 (1969), citing Goodrich-Amram.

"A motion for more specific complaint . . . is available so that a defendant's right and ability to answer and defend will not be unduly impaired by a plaintiff's vagueness in stating the grounds of his suit.": Local No. 163, International Union of United Brewery, etc. v. Watkins, 417 Pa. 120, 207 A. 2d 776 (1965), citing Goodrich-Amram. It may not be "used to make a party plead purely evidentiary material.": *Ibid.* Defendant may not require plaintiff to be specific about matters which would necessarily be known only to defendant and secreted from plaintiff, citing Goodrich-Amram.

Paragraphs nos. 21 through 26 of defendants' preliminary objections dealing, inter alia, with: the April 25, 1968 agreement; plaintiff's alleged acceptance of defendants' offer to enter into an option agreement; plaintiff's purported exercises of the option agreement, which purported exercises allegedly gave rise to the "agreement(s) between Erie Division of Litton (Erie Marine) and Bethlehem, guaranteed by Litton"; and Litton's alleged guarantee have been discussed above and, therefore, said objections will be dismissed.

Paragraph 27 of defendants' preliminary objections attacks the nature and specificity of defendants' alleged "express and unequivocal refusal" to perform their obligations under the purported option agreement. Impressed with the fact that it is defendants which are requesting greater specificity as to the "when, where, how and to whom" *of their own* alleged express and unequivocal refusal, this court is convinced that plaintiff has adequately pleaded this element of its cause of action and that the form of said refusal—the when, where, how and to whom—is left for the expanded discovery process available to all parties.

Paragraphs 28 and 29 of defendants' preliminary objections deal with plaintiff's contention that defendants made a demand upon plaintiff that plaintiff "pay a price for each vessel many millions of dollars in excess of the price provided for in the Option Agreement." Again, the form and frequency, as well as the details, computations and calculations surrounding said demand, of this alleged demand, are evidentiary in nature and, therefore, need not be pleaded.

Defendants object to the alleged lack of specificity contained in the twelfth paragraph of plaintiff's complaint, particularly with reference to plaintiff's failure to detail the "other arrangements" now being made by plaintiff "for the transport of the cargo which would have been transported . . ." Defendants' contention in this regard is without merit. The details of the "other arrangements" is the type of information which should be obtained by discovery proceedings and which should not be included in the body of a complaint.

Finally, defendants object, at paragraphs 31 and 32 of their preliminary objections, to plaintiff's lack of specificity with respect to plaintiff's claim for damages which "it will eventually have to incur to obtain equivalent vessels," as well as to the absence of the calculations which led plaintiff to allege total damages in excess of $95,000,000.

Paragraph 13 of plaintiff's complaint, which paragraph sets forth in the alternative plaintiff's theory of damages purportedly caused by defendants' alleged anticipatory repudiation and breach of said option agreement, is sufficient as pleaded in that it apprises defendants of the theories upon which plaintiff may attempt to prove its purported damages. Obviously, precision in calculations at this stage of the litigation is an impossible expecta-

tion, particularly as in the case at bar wherein the damages allegedly incurred by plaintiff are of a continuing nature.

As a corollary to defendants' preliminary objections dealing with the alleged lack of specificity in plaintiff's claim for damages as aforementioned, defendants brought an additional preliminary objection in the nature of a motion to strike off the complaint because of the inclusion therein of impertinent matter.

Defendants proffer the spurious argument that plaintiff's complaint should be stricken because "In paragraph 13(1) of the complaint, plaintiff requests 'damages in the aggregate difference between the price for each of the three vessels which are the subject matter of the complaint under the option agreement and the cost that Bethlehem will eventually have to incur to obtain equivalent vessels if Bethlehem is able to obtain such vessels . . . and damages resulting from the delays and expense that will result in obtaining such equivalent vessels . . .'"

Improper damages are "impertinent" and may justify a motion to strike: Hudock v. Donegal Mut. Ins. Co., 438 Pa. 272, 264 A. 2d 668 (1970), citing Goodrich-Amram.

However, it is the considered opinion of this court that the alternate, general, albeit anticipatory, measure of damages as hereinabove quoted, may well be the appropriate and most practical vehicle by which said alleged damages directly and naturally result and, therefore, as such, said prospective measure of damage is neither improper nor impertinent. See Barger v. Chevron, Inc., 56 D. & C. 2d 202 (1972); Racketa v. Gustave Paul, Inc., 24 D. & C. 2d 398 (1961).

648

Future damages, whether classified as general or special, cannot and need not be pleaded.

In dismissing preliminary objections based on plaintiff's alleged failure to specify alleged future damages, the court in Nickerson v. Kingston, 42 Luz. L.R. 167 (1952), stated:

"This demands a high standard. It would require information that no man can supply. The plaintiff can show present facts and future probabilities, the rest must be left to the jury and to destiny."

Accordingly, defendants' preliminary objections will be dismissed.

An appropriate order will be entered.

### ORDER

And now, October 24, 1974, the preliminary objections filed by defendants having come before the court; following the extensive oral argument thereof; a review of the pleadings and a study of the excellent briefs of counsel it is hereby

### ORDERED, ADJUDGED, AND DECREED

That said preliminary objections heretofore filed by defendants be and the same are hereby dismissed for the reasons set forth in the foregoing opinion.