J-A18033-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JOSEPH A. BERKOWITZ INTERIORS, INC., | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SUSAN AND MARC KAMENITZ, H/W, | : | |
| | : | |
| Appellees | : | No. 283 EDA 2018 |

Appeal from the Order Entered December 27, 2017
in the Court of Common Pleas of Bucks County
Civil Division at No(s): 2015-01880

BEFORE:  STABILE, J., STEVENS, P.J.E.,* and STRASSBURGER, J.**

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 26, 2018**

Joseph A. Berkowitz Interiors, Inc. (Berkowitz)[1] appeals from the December 27, 2017 order, which sustained the preliminary objections filed by Susan and Marc Kamenitz (the Kamenitzes), and dismissed Berkowitz's complaint.  Upon review, we affirm in part and reverse in part.

We provide the following background.  In a second amended complaint filed on April 10, 2017, Berkowitz set forth the following facts.  He "provides custom interior design and renovation services which include consulting, design, materials and finish selections as well as construction and installation to implement the renovations." Second Amended Complaint, 4/10/2017, at

---

[1] Joseph A. Berkowitz is the owner of Joseph A. Berkowitz, Inc., a Pennsylvania corporation.  We will use Berkowitz to refer to both the individual and the company.

* Retired Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

¶ 2.  Around April of 2013, Berkowitz alleges that he "entered [into] a contract with [the Kamenitzes] for Berkowitz to provide labor, services and materials to design and renovate the interior of [their] home … and particularly the master bathroom." *Id*. at ¶ 4.  Specifically, Berkowitz alleged that the parties entered into an oral contract[2] whereby Berkowitz "would perform design and management services for the [p]roject at an hourly rate of $150.00." *Id*. at ¶ 5.   In addition, Berkowitz would purchase materials and complete the renovations, and the Kamenitzes "would pay the costs thereof." *Id*.  Berkowitz also asserted that the parties "engaged in ongoing conversations and written (email) communications in furtherance of the contract." *Id*.

Between June 11, 2013 and April 3, 2014, Berkowitz sent the Kamenitzes five "invoices for material and services rendered by Berkowitz, pursuant to the contract[,] for the total sum of $65,969.85."[3] *Id*. at ¶ 6. According to Berkowitz, the Kamenitzes made partial payments or received credits on these invoices,[4] but have "failed and refused to pay the remaining

---

[2] A previous version of the complaint did not state that the contract was an oral contract. *See* Complaint, 10/13/2014.   This, *inter alia*, was the subject of a prior set of preliminary objections, and Berkowitz amended the complaint to clarify that he was alleging the contract was an oral contract. *See* Pa.R.C.P. 1019(h) ("When any claim or defense is based upon an agreement, the agreement shall state specifically if the agreement is oral or written.").

[3] All five invoices are attached to the complaint.  The dates of those invoices are June 11, 2013; September 6, 2013; September 17, 2013; October 24, 2013; and April 3, 2014.

[4] Each invoice details how much money was paid on that invoice.

- 2 -

balance" of $22,504.32. *Id*. at ¶ 13. Thus, Berkowitz filed a complaint against the Kamenitzes asserting claims for breach of contract, account stated, and unjust enrichment.

On April 29, 2017, the Kamenitzes filed preliminary objections to the second amended complaint. Specifically, they asserted that Berkowitz failed to satisfy Pa.R.C.P. 1019(h), by claiming that the parties "agreed upon terms via written communications as the basis for the contract, but [Berkowitz] has repeatedly failed to supply" those communications. Preliminary Objections, 4/29/2017, at ¶ 12. According to the Kamenitzes, the parties never reached an agreement, and the Kamenitzes paid Berkowitz "for all work, materials, labor and services that were provided in a workmanlike manner as well as erroneously paying for those that were/are defective." *Id*. at ¶ 13. Thus, the Kamenitzes requested that the complaint be dismissed with prejudice for failing "to conform to law or rule of court" and "legal insufficiency (demurrer)." *Id*. at ¶ 19 (citing Pa.R.C.P. 1028(a)(2) and (4)).

Berkowitz filed a response, both parties filed additional memoranda, and on December 27, 2018, the trial court entered an order sustaining the Kamenitzes' preliminary objections and dismissing Berkowitz's complaint with prejudice. Berkowitz timely filed a notice of appeal, and both Berkowitz and the trial court complied with Pa.R.A.P. 1925.

On appeal, Berkowitz complains the trial court erred in sustaining the preliminary objections as to all three counts. *See* Berkowitz's Brief at 4. We consider these issues mindful of our standard of review.

> When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

*B.N. Excavating, Inc. v. PBC Hollow-A, L.P.*, 71 A.3d 274, 277-78 (Pa. Super. 2013) (*en banc*) (quoting *Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania*, 7 A.3d 278, 282–83 (Pa. Super. 2010)).

We begin with Berkowitz's contention that the complaint "alleges facts sufficient to set forth a cause of action for breach of contract." Berkowitz's Brief at 16. "It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *412 N. Front St. Assocs., LP v. Spector Gadon & Rosen, P.C.*, 151 A.3d 646, 657 (Pa. Super. 2016).

Here, Berkowitz claims that he and the Kamenitzes entered into an oral contract, he performed work pursuant to that contract, and he was not paid for all of that work.

[I]n the case of a disputed oral contract, what was said and done by the parties, as well as what was intended by what was said and done by the parties, are questions of fact to be resolved by the trier of fact []. The burden is on the plaintiff to prove by a preponderance of the evidence the existence of the contract to which the defendant is a party.

***Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511, 516 (Pa. Super. 1995).

Here, the trial court concluded that Berkowitz's complaint was insufficient because he

has not presented the written agreements allegedly made between [him] and [the Kamenitzes], or other information to show that an agreement existed between the parties. The only information presented by [Berkowitz] – namely, the invoices – have been contested by [the Kamenitzes], and by their dating were issued after the work had been completed, leaving [the Kamenitzes] unable to agree to their terms.

Trial Court Opinion, 3/12/2018, at 9.

Here, Berkowitz was alleging the parties entered into an oral contract; therefore "what was said and done by the parties as well as what was intended by what was said and done by them are questions of fact for the jury." ***Solomon v. Luria***, 246 A.2d 435, 438 (Pa. Super. 1968). Based on the foregoing, it is apparent that the trial court usurped the role of the jury by reaching the aforementioned conclusions and sustaining the Kamenitzes' preliminary objection. A jury must determine whether the information

presented by Berkowitz, and the other actions taken by the parties,[5] support Berkowitz's contention that the parties entered into an oral contract.

Moreover, with respect to writings, the rules provide that "[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof." Pa.R.C.P. 1019(h). The Kamenitzes complained, and the trial court agreed, that the attached invoices were not sufficient where Berkowitz stated in his complaint that there were additional writings.

However, Rule 1019(h) has been interpreted to require only documentation "which purportedly create[d] the legal obligations which defendants have allegedly … breached." ***Bethlehem Steel Corp. v. Litton Indus., Inc.***, 71 Pa. D. & C.2d 635, 641 (Pa. Com. Pl. 1974). A plaintiff is not required to attach documents of an "evidentiary nature with respect to the underlying facts and circumstances giving rise to this litigation." ***Id***.

At this stage of proceedings, "we must accept as true all material facts alleged in the complaint, as well as inferences reasonably deductible therefrom." ***DiMarco v. Lynch Homes-Chester Cty., Inc.***, 559 A.2d 530, 531 (Pa. Super. 1989). Thus, we conclude that the trial court erred in

---

[5] For example, despite claiming that there was no "agreement," the Kamenitzes acknowledge that Berkowitz performed work in their home. In fact, the Kamenitzes paid for some of that work. **See** Preliminary Objections, 4/29/2017, at ¶ 13 ("[The Kamenitzes] paid [Berkowitz] for all work, materials, labor and services that were provided in a workmanlike manner as well as erroneously paying for those that were/are defective.").

sustaining the Kamenitzes' preliminary objections on the breach of contract claim and reverse the trial court order as to this count.

Berkowitz also contends the trial court erred in sustaining the preliminary objections as to his claim for unjust enrichment. **See** Berkowitz's Brief at 21-24.

> Unjust enrichment is essentially an equitable doctrine. We have described the elements of unjust enrichment as benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. The application of the doctrine depends on the particular factual circumstances of the case at issue. In determining if the doctrine applies, our focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched.

**Schenck v. K.E. David, Ltd.**, 666 A.2d 327, 328 (Pa. Super. 1995) (internal citations and quotation marks omitted).

In his complaint, Berkowitz pled that he "conferred valuable benefits upon [the Kamenitzes] … and, [they] have appreciated those benefits." Second Amended Complaint, 4/10/2017, at ¶ 30. Berkowitz claims he is owed $22,504.32.[6] **Id**. at ¶ 31.

The trial court concluded that Berkowitz has not pled any facts that fulfill the elements of unjust enrichment. **See** Trial Court Opinion, 3/12/2018, at 10. Again, we disagree with the trial court. Here, in reading the complaint as

---

[6] We observe that "theories of breach of contract and unjust enrichment must be pleaded alternatively in order to allow recovery under the latter theory where an express contract cannot be proven." **Lugo v. Farmers Pride, Inc.**, 967 A.2d 963, 970 (Pa. Super. Ct. 2009).

a whole, Berkowitz has asserted that he conferred a benefit upon the Kamenitzes for which he has not been paid. It is clear that the Kamenitzes dispute the value of that benefit, but value is not a relevant consideration at the preliminary objections stage. Again, at this stage of proceedings, "we must accept as true all material facts alleged in the complaint, as well as inferences reasonably deduc[]ible therefrom." *DiMarco*, 559 A.2d at 531. Accordingly, we reverse the order as to this count as well.

We now turn to Berkowitz's claim for account stated, and his claim that the trial court erred in dismissing this claim. *See* Berkowitz's brief, at 19-21. "[T]he gist of [an account stated] consists in an agreement to, or acquiescence in, the correctness of the account, so that in proving the account stated, it is not necessary to show the nature of the original transaction, or indebtedness, or to set forth the items entering into the account." *David v. Veitscher Magnesitwerke Actien Gesellschaft*, 35 A.2d 346, 349 (Pa. 1944). "Where the evidence tending to show the statement of account is not in dispute, the question as to whether the transaction amounts to an account stated is for the determination of the court." *Id*.

Here, the crux of the dispute between Berkowitz and the Kamenitzes is what, if anything, the Kamenitzes owe Berkowitz. Thus, the account is clearly in dispute, and therefore we conclude that the trial court did not err in sustaining the Kamenitzes' preliminary objection to this count.

Based on the foregoing, we affirm the order sustaining preliminary objections as to the count for account stated, and we reverse the order with respect to the other two counts, breach of contract and unjust enrichment.

Order affirmed in part and reversed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/18