## Willis v. Soffel

*Arthur M. Wilson,* of *Greenlee, Richman, Derrico & Posa,* for plaintiffs.

*Robert L. Zeman,* of *Zeman & Zeman,* for defendants.

GLADDEN, J., June 23, 1971.—This matter comes before us on preliminary objections to plaintiffs' complaint in assumpsit. The objections are two-fold. Defendants object that the complaint is not specific enough for them to answer. Secondly they demur on the grounds that the complaint is based on an agreement which is invalid because it contains certain terms which are contrary to public policy. We will consider these objections in that order.

## MOTION FOR MORE SPECIFIC PLEADING

This suit is the result of a real estate transaction that went sour. Plaintiffs owned certain property in Peters Township which was marketed by an agent, Peters Township Realty. The agent came to terms with defendants, and an agreement of sale was drawn and thereafter signed by defendants. Defendants deposited with plaintiffs' agent a check in the amount of $500. Thereafter, defendants stopped payment on this check which they allege occurred before plaintiffs accepted their "offer" to buy. Sellers later tendered a deed to buyers but the transaction was not closed. The sale price was $58,500 and included, in addition to real estate, "all rugs and drapes . . ." and "the refrigerator in the kitchen." On February 28, 1970, when the closing did not occur, plaintiffs con-

tinued to market the property through an agent. On March 25, 1970, an agreement was entered into with another buyer the terms of which included, inter alia, a purchase price of $53,000 and the sentence, "Home to be delivered as per listing sheet." This second transaction bore fruit and the deal was closed.

Plaintiffs then sued defendants for the sum of $9,210 which they claim is the amount of damages which they suffered due to defendants' withdrawal. The computation of damages which they are claiming are set forth on exhibit "D" which is attached to plaintiffs' complaint.

Defendants raise the objections based on lack of specificity to the exhibits, particularly "A" and "C." These exhibits are the agreement with defendant (A) and the agreement with the eventual buyer (C). Defendant claims that these two exhibits "obviously qualify the averments of the complaint" for the reason that they contain certain omissions which are material when considering exhibit "D." Although we concede that certain omissions do, in fact, appear, we do not agree with defendants' position. When read together as a whole, we believe that the objections which defendants raise here are not valid and are overcome when read with the complaint which, as a whole, supplies sufficient detail to allow defendants to be appraised of the allegations they are to answer. If we would require plaintiffs to be more specific at this point, we would be requiring them to plead evidence. We do, however, concede that defendant should have the "listing sheet" referred to in exhibit "C."

Comment 1017b(9) to Goodrich-Amram Civil Practice (1971 Supp.) deals with this subject and we find numerous cases cited there for the proposition that: "A more specific complaint will not be ordered to

develop matters which are essentially evidentiary. If defendants need information to prepare this answer, it can be developed by discovery."

"The sole reason for providing a defendant a right to move for a more specific pleading is so that he will be able to adequately prepare a defense. As stated in Local No. 163, International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America v. Watkins, 417 Pa. 120, 122 (1965):

" 'A motion for a more specific complaint, under Pa. R.C.P. 1017(b)(3), is available so that a defendant's right and ability to answer and defend will not be unduly impaired by a plaintiff's vagueness in stating the grounds of his suit.' (Citing authorities)

"A motion for more specific pleading should be refused if its effect is to force a party to plead evidentiary matters. International Union of Brewery Workers, etc. v. Watkins, 417 Pa. 120 at 123 (1965); Zula v. Zula, 55 Schuy. Leg. Rec. 12; Lawnlite Co. v. Coleman, 38 Northampton Co. Rep. 19."

We believe that the complaint is sufficiently specific to enable defendants to prepare their answer, but we would require that plaintiffs supply defendants with a copy of the "listing sheet" referred to on line 15 in exhibit "C" and do so by filing this exhibit as an amendment to the complaint.

## DEMURRER

Defendants have raised one other issue which we must dispose of in this opinion. They point to a clause in the sales agreement which is found on line 41 thereof. The specific provision reads as follows:

"This Agreement shall be binding upon the heirs, executors, successors and assigns of the parties hereto. No assignment of the purchaser's interest

hereunder shall be valid and binding on the Seller unless the Seller shall expressly consent thereto in writing."

It is defendants' contention that such a provision constitutes a restraint on alienation and is therefore, under the laws of this Commonwealth, void as against public policy. This court recognizes that our law does not favor restraints imposed on the free alienation of real property and we take no issue with that legal tenet which is advanced by defendant. We do, however, question the proposition that if we find such a clause repugnant to established law, we are required to declare the whole agreement null and void because it contains that clause which may or may not be contrary to public policy.

We must ask ourselves what is the effect of this provision? Ladner on Conveyancing in Pennsylvania, section 6:12, says that certain restraints on alienation are not void if they are reasonable and limited in time. We recognize it as a restriction which is personal in the vendor and not one that runs with the land. Therefore, such a restriction is only enforceable by this vendor and is not, therefore, limitless in time. Under the fact situation presented here, the time during which the disputed clause has meaning is only until such time as the purchase money is paid and the deed is delivered. It expires with the completion of that ritual.

In addition, we cannot find such a clause to be so unreasonable. Is it not proper for a seller to want to know whom he is dealing with especially in a transaction of this size? We find the clause both reasonable and limited in time and, therefore, meeting the requirements suggested by Ladner.

We note further that in Thompson on Real Property, 1963 Replacement, sec. 4459, the author states:

"A contract to sell or purchase real estate cannot impose liability or confer rights upon a stranger to the agreement. In certain instances, however, one of the parties may substitute a stranger for himself as a party to the contract. In other words, he may assign the contract to such stranger or third person. As the term 'assignment' is here used, it signifies the means whereby the interest of one party in a contract is caused to vest in another person who was not an original party thereto. Parties may stipulate that the contract shall not be assigned and such a stipulation will usually be enforced. Thus, a provision in a contract for the conditional sale of real estate to the effect that no assignment of the agreement would be valid without the consent and signature of the vendor has been upheld. . . . An assignment may be valid as between the immediate parties thereto although not binding upon the vendor. A vendor not a party to the assignment is under no duty to tender performance to the assignee, but it is sufficient if performance is tendered to the original purchaser. . . ."

While our research does not lead us to a Pennsylvania case in point, we do find support for our position in the case of National Lumber Company v. Goodman, 123 N. W. 2d 147 (1963). In that case the Supreme Court of Michigan dealt with a clause in a land contract which reads as follows:

"No assignment or conveyance by the purchaser shall create any liability whatsoever against the seller until a duplicate thereof, duly witnessed and acknowledged, together with the residence address of such assignee, shall be delivered to and accepted by the seller, and receipt thereof indorsed thereon."

There the court in upholding the agreement with the restrictive language, said:

"A similar provision to the one present in this land contract restricting alienation has been held by this Court not to be invalid because of being in restraint of alienation, since it does not bar assignment of the contract but merely is an agreement between the contracting parties as to the method in which an assignment or conveyance must be made to affect the rights of the vendor."

We hold that the clause in the sales agreement in this case has the same effect, and is not such a restraint or alienation as to void the contract.

Even if we assume arguendo that the clause does in fact constitute a restraint on alienation, does it void the grant? We hold that it does not—our view is that such a restriction, if viewed as being contrary to public policy, is merely unenforceable by the vendor. If seller decided to make an assignment of his interest in the contract, he may do so without written permission of the vendor. We, however, need not decide that issue here, since in the present case no attempt was made to assign defendants' interest in the contract and no refusal was alleged to have occurred on vendor's part. We therefore find that the clause requiring that buyer receive written approval of the seller before making an assignment, if in fact a restraint or alienation, is not of such a nature so as to void the whole transaction. The clause itself would in that instance be, at most, unenforceable.

We regard the clause to state the agreement between the contracting parties as to the method and form the assignment must take in order to affect the rights of vendor.

Based on the above we would enter the following:

ORDER

And now, June 23, 1971, the plaintiffs shall in

20 days from the date hereof, amend their complaint by filing a copy of the "listing sheet" referred to in exhibit "C." The preliminary objections in the form of a demurrer are dismissed.

BY THE COURT:

/s/ Thomas D. Gladden, J.

I concur, /s/ Richard DiSalle, J.
I concur, /s/ Alexander R. Curran, J.