## Aldovin Dairy, Inc. v.
## Sun-Re Cheese Corporation

*Elizabeth H. Kury, of Kury & Kury,* and *Gelb & Myers,* for plaintiff.

*F. W. Rice, of Rice & Rice,* and *Bruce E. Cooper, of Cooper, Friedman & Friedman,* for defendant.

KIVKO, P. J., February 27, 1974.—This matter comes before us on preliminary objections filed by defendant, Sun-Re Cheese Corp., to plaintiff's amended complaint (complaint) in the nature of a

motion to strike off the complaint and a motion for a more specific pleading.

Plaintiff, Aldovin Dairy, Inc., alleges in its complaint that it sold skim milk, classified as class II milk, to defendant during six months in 1969 and 1970 at certain prices subject to a readjustment of the prices upon audit by the market administrator as to classification of utilization in accordance with Federal Milk Marketing Order No. 27, as amended; that both plaintiff and defendant were subject to and governed and regulated by said order; that the marketing administrator audited defendant and reclassified in accordance with said order the utilization of some of the milk sold to defendant from class II milk to class 1-B milk; that the reclassification resulted in a higher cost for the class 1-B milk; and that plaintiff was ordered by the marketing administrator and required by law to pay to the marketing administrator $22,522.57 for the milk it sold to defendant. Plaintiff seeks reimbursement from defendant in the amount of $22,522.57 it so paid.

In its motion for a more specific pleading, defendant requests that plaintiff incorporate in its complaint the reasons for the marketing administrator's reclassification of the milk from class II to class 1-B.

A complaint shall state in a concise and summary form the material facts on which a cause of action is based: Pennsylvania Rule of Civil Procedure 1019. A motion for more specific pleading under Pa. R. C. P. 1017 (b) (3) is available so that a defendant's right and ability to answer and defend will not be duly impaired by plaintiff's vagueness in stating the grounds of his suit. The motion for specificity, however, can not be used to make a party plead purely evidentiary matters; Local No. 163 International Union of United Brewery, etc. v. Watkins, 417 Pa. 120 (1965).

The reasons for the marketing administrator's reclassification of milk do not come within the scope of a concise and summary statement of the material facts on which plaintiff's action is based. If defendant deems that such information is essential for the preparation of its answer of other procedural move or for its defense in any way, it has recourse to discovery proceedings.

Defendant further contends that paragraph 6 and all the exhibits made a part thereof, known as exhibits B through B-3, be stricken because they lack conformity to law and because of impertinent matter. A motion to strike is limited to errors of form.

Defendant, in the first instance, contends that the 51 pages of exhibits, which are alleged to contain a detailed compilation of information relating to the reclassification of the milk and the readjusted prices resulting therefrom, consist of uncoordinated, undigested and related data. Paragraph 6 of the complaint fails to specify the nature of each set of documents in the exhibits and does not particularize their inter-relationships. But the contents of all the items make them easily indentifiable and their relevance to the cause of action clear.

The exhibits attached are: B-2, copies of plaintiff's invoices for skim milk sold to defendant; B-3, the Marketing administrator's monthly reclassification of the milk by weight into class 1-B and class II; B-1, the marketing administrator's monthly reclassification of the monthly prices for class 1-B milk and class II milk; and B, a computation, appearing in a summarized form in paragraph 7, of the amounts which plaintiff was required to pay the marketing administrator as a result of such reclassification. Defendant's motion that paragraph 6 and the exhibits incorporated therein by refer-

ence be dismissed on the ground stated above is dismissed.

Defendant further contends that exhibits B and B-3 indicate that the milk reclassified by the marketing administrator was milk shipped to defendant and to Sunbury Foods, Inc.; that the complaint contains no explanation how milk shipped to Sunbury Food, Inc., a separate corporation, bears any relevance to reclassification of such milk is not legally recoverable and the allegations relating thereto are impertinent.

The documents constituting exhibit B-3 were not prepared by plaintiff. They emanated from the office of the marketing administrator and reflect his determination, after audit, of the "reclassification of utilization" of the milk. Exhibit B, prepared by plaintiff on the basis of the marketing administrator's reclassification as shown in exhibit B-3, contains a footnote stating that all the milk shown to have been shipped purportedly to defendant and Sunbury Foods, Inc., as class II milk was actually shipped by plaintiff to defendant. The computation of the amount of the milk shipped to defendant as shown by the invoices exhibit B-2 confirms this.

Plaintiff alleges in its complaint that all of the milk shown to have been reclassified and repriced by the marketing administrator was shipped to defendant. Whether it can sustain its allegation is a matter of proof. The exhibits do not contradict plaintiff's claim. If the language used by the marketing administrator on his reclassification sheets presents an ambiguity, it is one that defendant can resolve by discovery proceedings. Such ambiguity, if any exists, is not a sufficient basis to support defendant's motion to have the complaint or any portion thereof stricken.

There is, however, an error in column (4) of exhibit B which needs correction. This column shows the

monthly difference in the minimum prices per hundred weight of class II milk and class 1-B milk. By reference to exhibit B-1, it is obvious that what is shown in exhibit B as the prices of class II milk are really the prices of class 1-B and what is shown as the prices of class 1-B milk are really the prices of class II milk. If the error is not corrected, column (4) will not only be inconsistent with column (3) of that exhibit, but will contradict the claim itself.

We, therefore, enter the following

## ORDER

And now, February 27, 1974, plaintiff, Aldovin Dairy, Inc., is hereby granted 20 days within which it may amend its complaint in conformity with this opinion. The preliminary objections of defendant, Sun-Re Cheese Corp., in every other respect, are hereby dismissed.