Condi v. Viteritti.

*David Aikens, Jr.* for plaintiff.
*Candy, Barr Heimbach*, for defendant.

MINORA, *J.*, June 28, 2012—I. Introduction

Currently before the court are the collective preliminary objections of defendants, John J. Viterritti, D.O. (hereinafter "Viterritti") and Mercy Hospital, Scranton, Pennsylvania; Mercy Health Partners, Regional Hospital of Scranton (hereinafter "Mercy").

In the interests of judicial economy, we will dispose of both sets of preliminary objections in this comprehensive memorandum and order.

By way of background, this medical malpractice action arises out of the care and treatment of Loretta Condi by defendants on December 12, 2009. The Condi plaintiffs filed a complaint on November 15, 2011.

According to plaintiffs' complaint, Mrs. Condi presented to the Mercy Hospital emergency room with slurred speech, facial droop and left-sided facial paralysis on December 12, 2009 at approximately 3:23 p.m. [See plaintiffs' complaint at ¶ 10]. Nursing examination was significant for elevated blood pressure, and the nursing diagnosis was altered tissue perfusion, cerebral. [See plaintiffs' complaint at ¶ 11-12].

At approximately 3:50 p.m. on the same day, defendant Viterritti examined Mrs. Condi and noted elevated blood pressure, left facial paralysis and weakness. Diagnosis included questionable stroke. [See plaintiffs' complaint at ¶ 13].

Ultimately, defendant Viterritti diagnosed Mrs. Condi as suffering from Bell's palsy, and discharged her to home at approximately 7:50 p.m. on the same day. [See plaintiffs' complaint at ¶ 17].

Mr. and Mrs. Condi returned to the emergency room the next morning on December 13, 2009 because Mrs. Condi's symptoms had worsened overnight to include numbness, slurred speech, difficulty walking and left arm weakness. [See plaintiffs' complaint at ¶ 18]. At that time, defendant Viterritti diagnosed Mrs. Condi as suffering from a stroke. [See plaintiffs' complaint at ¶ 20].

As to defendant Viterritti, plaintiffs essentially allege that Viterritti failed to diagnose the stroke from which Mrs. Condi was suffering when she had initially presented in December 12, 2009. As a result, the stroke continued to progress without treatment overnight and into the next morning.

As a result of the progression, Mrs. Condi was left with significant and permanent impairments that she would not have suffered had the stroke been timely diagnosed. [See plaintiffs' complaint at ¶¶28-33 and ¶¶[35-40].

As to the Mercy defendants, plaintiffs allege vicarious liability. Mr. Condi has asserted a claim for negligent

infliction of emotional distress as well as a claim for loss of consortium. He claims he was present with Mrs. Condi at the emergency room on December 12, 2009 when the alleged negligence occurred. He remained with Mrs. Condi afterwards, and was again present when the stroke was properly diagnosed on December 13, 2009. [See plaintiffs' complaint at ¶¶ 48-54].

On or about December 19, 2011, the Mercy defendants filed preliminary objections. Mercy contends that plaintiffs' allegations of vicarious liability are insufficiently specific as per Pa. R.C.P. 1028(a)(3) and Pa. R.C.P. 1019.

The Mercy defendants also claim that plaintiffs have failed to state a claim upon which relief can be granted and demurred to their claim for negligent infliction of emotional distress per Pa. R.C.P. 1028(a)(4).

On December 23, 2011, defendant Viterritti filed preliminary objections as well. His preliminary objections were in the nature of a motion to strike the "inter. alia." language in paragraph 9 and the "included" language in the introductory portion of paragraph 28 and subparagraphs 28(a), (b), (c), (d), (e), (f), (h), (i), (j), (k), (I), (n), (q), (r), (s), (u), (v), (w) and (x) of plaintiffs' complaint for insufficient specificity pursuant to Pa. R.C.P. 1019 and Pa. R.C.P. 1028(a)(3).

Defendant Viterritti also demurred per Pa. R.C.P. 1028(a)(4) to plaintiffs' claim for negligent infliction of emotional distress.

All parties have filed briefs to support their positions

and the undersigned heard oral arguments on March 27, 2012. The matter of the collective preliminary objections of defendants is now ripe for disposition.

## II. Issues

1. Are the allegations of vicarious liability against the Mercy defendants insufficiently specific as per Pa. R.C.P. 1028(a)(3) and Pa. R.C.P. 1019?

2. Should the Mercy defendants' demurrer under Pa. R.C.P. 1028(a)(4) be granted as to plaintiffs' claim for negligent infliction of emotional distress?

3. Should defendant Viterritti's motion to strike the "inter. alia." language in paragraph 9 and the "included" language in the introductory portion of paragraph 28 and subparagraphs 28(a), (b), (c), (d), (e), (f), (h), (i), (j), (k), (l), (n), (q), (r), (s), (u), (v), (w) and (x) of plaintiffs' complaint be granted for insufficient specificity pursuant to Pa. R.C.P 1019 and Pa. R.C.P. 1028(a)(3)?

4. Should defendant Viterritti's demurrer under Pa. R.C.P. 1028(a)(4) be granted as to plaintiffs' claim for negligent infliction of emotional distress?

## III. Discussion

A. Are the allegations of vicarious liability against the Mercy defendants insufficiently specific as per Pa. R.C.P. 1028(a)(3) and Pa. R.C.P. 1019?

Pennsylvania is a fact-pleading state and "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." See Pa. R.C.P.

1019(a).

In pleading its case, the complaint need not cite evidence but only those facts necessary for the defendant to prepare a defense. *Unified Sportsman of Pennsylvania v. Pennsylvania Game Commission*, 950 A.2d 1120 (Pa. Cmwlth.2008).

A complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. *Unified Sportsman of Pennsylvania v. Pennsylvania Game Commission*, supra. See also *Commonwealth ex.rel. Pappert v. TAP Pharmaceuticals Products, Inc.*, 868 A.2d 624 (Pa.Cmwlth.2005).

To determine if a paragraph or paragraphs contain the appropriate specificity, the court looks not only to the particular paragraph(s) at issue, but also to that paragraph(s) in the context of the other allegations in the complaint. *Yacoub v. Lehigh Valley Medical Associates, P.C.*, 805 A.2d 579, 589 (Pa.Super.2002).

The trial court has broad discretion in determining the amount of detail that must be pleaded since this is not something capable of precise measurement. *Pike County Hotels Corp. v. Keifer*, 396 A.2d 677 (Pa.Super.1978).

Moreover, it is not necessary to plead evidence which can be developed through discovery. *Local No. 163 International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America v. Watkins*, 417

Pa. 120, 207 A.2d 776 (1965); *Commonwealth v. Schlittler*, 104 Lacka. Jurist 112,115-116 (C.C.P. Lack. Cty. — per judge Minora 2003); *Kapacs v. Martin*, 81 Pa. D.&C.4th 509, 516 (C.C.P. Lack. Cty. — per judge Minora 2006).

In the case at hand, the Mercy defendants claim that the allegations set forth in paragraphs 42-46 of plaintiffs' complaint to the effect that the Mercy defendants acted by and through their various (unnamed at the pleading stage) "agents, ostensible agents, servants, employees and/or principals" is insufficiently specific. The Mercy defendants contend that the lack of specificity prejudices their ability to respond to the allegations.

This is not so. We have addressed this issue several times in the past. In *Kapacs v. Martin*, 81 Pa. D.&C.4th 509, 2006 WL 4663417 (C.C.P. Lack. Cty. per judge Minora 2006) we allowed a plaintiff to allege an agency relationship regarding unnamed nurses, medical and technical personal. We again recognized that it was not necessary to plead evidence which can be developed through discovery. See *Local No. 163 International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America v. Watkins*, supra.; *Kapacs v. Martin*, 81 Pa. D.&C.4th 509, 516 (C.C.P. Lack. Cty. — per judge Minora 2006).[1]

---

1. See also *Moore v. Dwonczyk*, PICS #09-0071 (judge Minora holding that plaintiff need not specially indicate by name the allegedly negligent agents of a hospital because hospital has greater knowledge than plaintiff). *Johannes v. Curley*, 103 Lack. Jurist 55 (2002) (denying preliminary objections on basis that although the plaintiffs did not allege the exact names of the agents, the defendants possess more knowledge than the plaintiffs do regarding the presence of the agents/employees on the specific dates averred in the complaint.

At the pleading stage, much of this information is in the exclusive knowledge of the Mercy defendants and must be revealed through discovery.

Therefore, the Mercy defendants' preliminary objections based on alleged insufficient allegations of vicarious liability per Pa. R.C.P. 1028(a)(3) and Pa. R.C.P. 1019 will be overruled and dismissed.

B. Should the Mercy defendants' demurrer under Pa. R.C.P. 1028(a)(4) be granted as to plaintiffs' claim for negligent infliction of emotional distress?

We first must note the standards applied in ruling on a preliminary objection in the nature of a demurrer under Pa. R.C.P. 1028(a)(4).

A preliminary objection in the nature of a demurrer under Pa. R.C.P. 1028(a)(4) can only be granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings. No testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. Most importantly, preliminary objections in the nature of a demurrer can only be sustained where the case is free and clear of doubt. *Kirschner v. K&L Gates, LLP*, A.3d,

2012 WL 1662075 (Pa. Super. 2012); *Bayada Nurses, Inc. v. Com. Dept. of Labor and Industry*, 607 Pa. 527, 8 A.3d 866 (2010).

With those standards in mind, we now examine whether the plaintiffs have pled a cause of action for negligent infliction of emotional distress (NIED).

In Pennsylvania, a cause of action for NIED is recognized in four sets of circumstances:

(1) situations where the defendant owed the plaintiff a pre-existing contractual or fiduciary duty;

(2) the plaintiff was subjected to a physical impact;

(3) the plaintiff was in the zone of danger, thereby reasonably experiencing a fear of impending physical injury; or

(4) the plaintiff observed a tortuous injury to a close relative.

*Toney v. Chester County Hospital*, 961 A.2d 192,197-198 (Pa.Super.2008), aff'd 36 A.3d 83 (Pa.2011).

In the case at hand, plaintiffs' are obviously proceeding under the fourth category of potential recovery commonly known as the "bystander rule." Their theory is based on failure to diagnose or negligent inaction (acts of omission) as well as the scenario where plaintiff husband had no contemporaneous understanding that the medical care provided or not provided constituted negligence.

It is obvious that plaintiff Leonard Condi has pled his

relationship of spouse to Loretta Condi. He has also pled that he personally witnessed the actions or inactions of defendants and the worsening of his wife's conditions over the fateful days of December 12, 2009 and December 13, 2009. Mr. Condi also alleged physical manifestations of his emotional distress he pleads are a direct result of defendants' failure to timely diagnose and treat the CVA suffered by his wife, Loretta Condi. (See plaintiffs' complaint at ¶¶ 47-54).

Initially, the viability of an NIED claim under the bystander rule required that:

(a) the plaintiff was located near the scene of the trauma, as contrasted with one who was a distance away from it;

(b) the shock resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the trauma, rather than learning about it from others after its occurrence; and

(c) the plaintiff and the victim were closely related, as opposed to the absence of a relationship or the presence of only a distant relationship.

*Sinn v. Burd*, 486 Pa. 146, 170-171, 404 A.2d 672, 685 (1979).

As the law further progressed on the second element of the bystander theory, the basis for NIED became the traumatic impact of viewing the negligent injury of a close relative. A person who did not experience a sensory and

contemporaneous observance of the injury did not state a cause of action for NIED. In formulating the rule, the Supreme Court contemplated a discreet and identifiable traumatic event to trigger recovery. In the absence of such an event, no recovery was permitted. *Huddleston v. Infertility Center of America*, 700 A.2d 453, 462 (Pa. Super. 1997).

Now it is obvious that the collective defendants, Mercy and Viterritti, are "demurring" to the claim of NIED since they contend that:

(1) Mr. Condi has not identified a discrete traumatic event that he observed;

(2) Plaintiffs allege negligent inaction or omission in failure to properly diagnose and treat the CVA at issue;

(3) Plaintiffs did not aver that defendants inflicted a traumatic injury on Mrs. Condi and;

(4) Mr. Condi did not aver he realized defendants' conduct was negligent at the time it happened.

But these contentions are misplaced.

In *Bloom v. DuBois Regional Medical Center*, 597 A.2d 671 (Pa.Super.1991), the majority opinion of our Superior Court indicated that although they denied the claim of NIED in *Bloom* they instructed the following:

"We hasten to add, however, that we do not intend to fashion a rule that excludes recovery to all plaintiffs who

allege negligent infliction based on their observance of a negligent *omission* by defendants. There are certainly circumstances where an omission might be construed as a traumatic infliction of injury on the plaintiff's relative and, if the plaintiff observed that occurrence, recovery could be had. Take, for example, the situation where a husband plaintiff seeks to admit his wife to an emergency room for medical care. Because of inaction by the emergency room personnel, the wife is left to languish in the outer office and expires there. Husband has viewed the entire event. The omission by the emergency room personnel in this scenario might create a sufficiently traumatic situation to be the basis for recovery for negligent infliction."

See *Bloom v. DuBois Regional Medical Center*, 597 A.2d 671 (Pa.Super. 1991). [Emphasis in the original].

Another case where an act of omission supported a claim of NIED was *Love v. Cramer*, 606 A.2d 1175 (Pa. Super.1992), app. denied 612 A.2d 580 (Pa Cmwlth. 1992). In that case, a daughter accompanied her mother to medical appointments and expressed concern to the treating physician, Dr. Cramer, that her mother was experiencing heart problems. Dr. Cramer did not order any testing or hospitalization in an effort to diagnose the mother's condition. Several weeks later, the mother died of heart failure in her daughter's presence. See *Love*, 606 A.2d at 1176 (Pa. Super. 1992).

In reversing the lower court's denial of the NIED claim, the Superior Court concluded that the daughter's

"observance of the lack of medical care, along with her observance of her mother's heart attack is enough to sustain her claim for negligent infliction of emotional distress." See *Love*, 606 A.2d at 1178.

The *Love* court further opined that:

"This is not the simple situation wherein the plaintiff did not observe the traumatic event, but nevertheless sought to recover for emotional distress. Rather, [daughter] witnessed the traumatic event and the earlier negligence of the doctor. Her recovery, if proven, would be based upon the fact that her emotional injury was due to her first hand observation of her mother's heart attack, an event caused by Dr. Cramer's negligence, which she had also witnessed."

*Id.*

In the case, Mr. Condi alleges he was with his wife during the entire ordeal of December 12-13, 2009. According to the complaint, he personally witnessed the negligent omissions or inactions of the defendants in failing to properly and timely diagnose and treat Mrs. Condi's CVA. He alleged he personally observed his wife's deteriorating condition due to her CVA with all the attendant emotional and physical manifestations of distress he suffered.

In giving Mr. Condi all reasonable inferences due him on the well-pleaded facts in count III of the complaint for NIED, such a fact pattern could, if proven, support a claim for NIED.

In any event, it is not clear on a matter of law that Mr. Condi has not pled a cause of action for NEID. See *Kirschner v. K&L Gates*, supra.[2]

Therefore, both defendants demurrer to count III of plaintiffs' complaint for NIED will be overruled and dismissed.

C. Should defendant Viterritti's motion to strike the "inter. alia." language in paragraph 9 and the "included" language in the introductory portion of paragraph 28 and subparagraphs 28(a), (b), (c), (d), (e), (f), (h), (i), (j), (k), (I), (n), (q), (r), (s), (u), (v), (w) and (x) of plaintiffs' complaint be granted for insufficient specificity pursuant to Pa. R.C.P 1019 and Pa. R.C.P. 1028(a)(3)?

Paragraph 28 of plaintiffs' complaint delineates the specific alleged acts of negligence. The introductory language of that paragraph states that the negligence "included" specific acts of negligence. Plaintiffs voluntary agreed to strike the word "included" from their complaint. (See plaintiffs' brief filed February 28, 2012 at pg. 8).

As to the "inter.alia." language in paragraph 9 of plaintiffs' complaint, we have previously addressed the standards for pleading above under Pa. R.C.P. 1019 and refer the reader thereto. [See section III(A) at pg. 5 of this memorandum].

---

2. See our colleague, honorable Terrence R. Nealon's opinion (attached to plaintiffs' supplemental brief), *Mellon v. O'Brien, et al.*, Lackawanna County term no. 2011 CV 5741 decided January 11, 2012 for a similar analysis of NIED dismissing a demurrer to NIED on the "omission/traumatic event" issues.

Paragraph 9 states:

"At all times relevant hereto, defendants held themselves out as providers trained and skilled to provide competent diagnosis, monitoring and/or treatment of inter.alia. cerebrovascular accidents, cerebral artery occlusions and/or cerebral infractions."

This objection is totally frivolous. Obviously, the plaintiffs' are referring to the level of expertise and training of the defendants, matters which can be fleshed out with discovery as to the health care providers' qualifications and training. See *Kapacs v. Martin*, supra.

This is in no way an open ended allegation of negligence (i.e. otherwise negligent under the circumstances) disfavored by *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983) which would leave theories of liability open-ended and violate statute of limitations concerns.

Therefore, defendant Viterritti's motion to strike the inter.alia.[3] language of paragraph 9 will be overruled and dismissed.

D. Should defendant Viterritti's demurrer under Pa. R.C.P. 1028(a)(4) be granted as to plaintiffs' claim for negligent infliction of emotional distress?

Based on the same inclusive and comprehensive analysis of NIED set forth above at section III part B at

---

3. Inter.alia comes from the Latin adverb meaning "among other things." See *Black's Law Dictionary* (7th Edition 1999) at pg. 815.

pg. 7 of this memorandum, the demurrer of defendant Viterritti as to plaintiffs' claim for NIED is overruled and dismissed.

A comprehensive order consistent with this memorandum follows.

## MEMORANDUM AND ORDER

And now to wit, June 28, 2012, upon due consideration of the collective defendants' preliminary objections, the able verbal and written arguments of counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed as follows:

(1) The word "included" in the introductory language of paragraph 28 of the plaintiffs' complaint is stricken.

(2) All other preliminary objections of the collective defendants are overruled, dismissed and denied.