IN THE COMMONWEALTH COURT OF PENNSYLVANIA

G&B Amusements LLC and      :
Harry Sandhu,                  :
          Appellants      :
                         :
          v.           :    No. 1178 C.D. 2024
                         :
The City of Philadelphia and The  :    Submitted: October 7, 2025
Council of the City of Philadelphia  :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MATTHEW S. WOLF, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: November 5, 2025

        G&B Amusements LLC (G&B) and Harry Sandhu (Sandhu) (together, Appellants) appeal from an order entered on August 14, 2024, by the Court of Common Pleas of Philadelphia County (trial court). Therein, the trial court sustained the preliminary objections filed by The City of Philadelphia (City) and The Council of the City of Philadelphia (Council) (together, Appellees) and "denied" Appellants' Second Amended Complaint for Declaratory, Injunctive, and Special Relief (Second Amended Complaint) without prejudice to amend.[1] Also before the Court is Appellees' Motion to Quash Appeal (Motion to Quash),[2] in which Appellees contend that the trial court's August 14, 2024 order is not final and appealable and, as a result, that we lack jurisdiction. After careful review, we grant Appellees' Motion to Quash.

---

[1] Although the trial court did not expressly "sustain" Appellees' preliminary objections and "dismiss" the Second Amended Complaint, the trial court's intent to do both was manifest, and the parties have assumed as much throughout their filings in this Court.

[2] By Order exited April 3, 2025, we directed that the Motion to Quash be listed with the merits of the appeal.

# I. BACKGROUND AND PROCEDURAL HISTORY

## A. The Second Amended Complaint

Appellants initiated this suit on April 3, 2024, via complaint for declaratory, injunctive, and special relief, and soon thereafter filed a motion for preliminary injunctive relief. After a series of stipulations and the filing of an amended complaint, Appellants filed their operative Second Amended Complaint on May 21, 2024, together with a Second Amended Motion for Preliminary Injunction (Injunction Motion). The material allegations of the Second Amended Complaint may be summarized as follows.

On January 20, 2022, Council enacted an ordinance amending Title 9 of The Philadelphia Code (Code) to add a new Chapter entitled "Prohibition on Certain Gambling Machines and Skills Games." This ordinance became effective on February 3, 2022, pursuant to Section 2-202 of the Philadelphia Home Rule Charter (Charter).[3] Then, in 2024, Council enacted a second ordinance regulating gambling machines and skill games (Ordinance), which amended and substantially replaced the first ordinance. The Ordinance was signed into law by Mayor Cherelle Parker on April 3, 2024. It provides, in pertinent part, as follows:

### § 9-5901. Prohibition on Certain Gaming and Skill-Based Devices.

(1) Definitions.

> (a) "*Gambling or skill-based cash payout device*." Means a device that accepts cash payment for the chance of a cash reward in connection with playing one or more casino-style

---

[3] City of Philadelphia, Pennsylvania, Home Rule Charter (1951) (Charter), *as amended, available at* https://codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-262986 (last visited November 5, 2025). Section 2-202 of the Charter provides that, "[i]f the Mayor does not return the ordinance within the time required, it shall become law without the Mayor's approval." Appellants allege that the Ordinance did not return with the Mayor's signature within 20 days, and, therefore, it became law as of February 3, 2022.

game, one or more skill-based game, or a combination of such games.

    (b) "*Cash*." Means currency or any cash equivalent, such as a debit card, credit card, ticket, token or other type of card, any of which can be exchanged for currency.

(2) Except at the locations identified in subsection (2)(c) below, it is unlawful to:

    (a) Operate a gambling or skill-based cash payout device or to allow the operation of such a device at a business location; or

    (b) Operate a business at which a gambling or skill-based cash payout device is present.

    (c) *Exceptions*:

      (.1) Licensed facilities as authorized and defined in the Pennsylvania Race Horse Development and Gaming Act, 4 Pa. C.S. § 1103;

      (.2) Any location operating under a valid Commonwealth license to sell alcohol that has 30 or more seats readily available and in place for regular use by customers to consume food and beverages, provided that:

      (.a) No more than five (5) gambling or skill-based cash payout devices may be present at any one licensed location; and

      (.b) Monetary payouts from such devices may only be made through electronic means, and may not be made in cash by personnel at the business location.

Code, § 9-5901(1)-(2). For its enforcement, the Ordinance imposes a fine for violations of $1,000 per device per day, subjects any violating business to a potential cease operations order after a second violation, and deems any business unlawfully operating with a gambling or skill-based cash payout device a public nuisance subject to, among other remedies, revocation of the business's Commercial Activity License. *Id.* § 9-5901(3)-(6).

Appellants allege that the Ordinance "seemingly applies to," and was enacted specifically to target, devices manufactured by Pace-O-Matic (POM), which develops and manufactures electronic skill-based video game machines marketed in the Commonwealth as "Pennsylvania Skill" games (POM Games). POM Games have been held to be legal games of skill in several courts of common pleas of the Commonwealth and by an *en banc* panel of this Court. *See In re: Three Pennsylvania Skill Amusement Devices*, 306 A.3d 432 (Pa. Cmwlth. 2023) (*en banc*), *appeal granted*, 320 A.3d 673 (Pa. 2024). This Court also has determined that POM Games are not subject to regulation under the Pennsylvania Race Horse Development and Gaming Act (Gaming Act), 4 Pa.C.S. §§ 1101-1904, and, resultantly, are not subject to the jurisdiction of the Pennsylvania Gaming Control Board. *See POM of Pennsylvania, LLC v. Department of Revenue*, 221 A.3d 717, 735 (Pa. Cmwlth. 2019). Given these precedents, Appellants assert that the Gaming Act is not applicable to POM Games and that POM Games are regulated instead only by Section 5513 of the Crimes Code, 18 Pa.C.S. § 5513, pursuant to which they have been declared legal. (Second Amended Complaint, ¶ 16.)

POM has expended significant time, money, and resources marketing, advertising, and promoting POM Games in the Commonwealth, including in the City. Distributors of POM Games, including Appellant G&B, have entered into "countless" contracts for the placement of POM Games at various locations throughout the City, which distribution and placement is a substantial component of G&B's business. (Second Amended Complaint, ¶¶ 20-21.)

Sandhu is an owner of Oregon Conoco, a small store in the City that has contracted with a distributor to place POM Games in its store. Oregon Conoco holds

4

a Commercial Activity License issued by the City.[4] (Second Amended Complaint, ¶¶ 22-23.) Sandhu derives substantial income from the POM Games at the Oregon Conoco and, as a result, has arranged the business so that it can continue offering them at that location. *Id.* ¶ 25.

In the Second Amended Complaint, Appellants challenge the validity of the Ordinance on multiple grounds. Specifically, Appellants contend that the Ordinance (1) is unconstitutionally vague and therefore void because it does not define the terms "casino-style game" or "skill-based game," which are contained within the definition of "gambling or skill-based cash payout device" (Count I); violates Section 18 of the First Class City Home Rule Act (Home Rule Act),[5] 53 P.S. § 13133, because it contradicts, supplements, or augments Section 5513 of the Crimes Code, the Gaming Act, and the Liquor Code[6] (Count II); violates article IX, section 2 of the Pennsylvania Constitution, Pa. Const. art. IX, § 2, because it attempts to legislate in fields preempted by the Crimes Code, Gaming Act, and Liquor Code (Count III); violates article I, section 17 of the Pennsylvania Constitution, Pa. Const. art. I, § 17, because it operates as an *ex post facto* law and impairs Appellants' contracts providing for the placement of POM Games in locations within the City, including the Oregon Conoco (Count IV); violates Appellants' vested property interests under article I, section 1 of the

---

[4] *See* Code, § 19-2602(1), (4). Section 19-2601(1) of the Code requires all persons engaging in business in the City to first procure a Commercial Activity License from the Department of Licenses and Inspections. As a condition to the ongoing retention of a license, a business owner must, among other things, "refrain from causing or permitting an owner or occupier to cause a public or private nuisance . . . , either directly or indirectly, or by permitting third persons or conditions to do so . . . ." *Id.* § 19-2602(4).

[5] Act of April 21, 1949, P.L. 665, *as amended*, 53 P.S. §§ 13101-13116, 13131, 13133, 13155-13157.

[6] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101 – 10-1001.

Pennsylvania Constitution, Pa. Const. art. I, § 1 (Count V); is an unconstitutional "special law" violative of article III, section 32 of the Pennsylvania Constitution, Pa. Const. art. III, § 32 (Count VI); and is an unlawful regulatory taking pursuant to article I, section 10 of the Pennsylvania Constitution, Pa. Const. art. I, § 10 (Count VII). Appellants seek declaratory and permanent injunctive relief under each count, requesting that enforcement of the Ordinance be permanently enjoined.

## B.     The City's Preliminary Objections

The City filed preliminary objections to the Second Amended Complaint on July 15, 2024.[7]  Therein, the City (1) objected to Appellants' standing to bring this suit (Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 1028(a)(5)); (2) demurred to all Counts of the Second Amended Complaint (Pa.R.Civ.P. 1028(a)(5)); and (3) objected to Council's inclusion as a party defendant pursuant to Section 11 of the Act of April 21, 1855, P.L. 264, 53 P.S. § 16257, which provides that all suits against any department of the City must be brought against the City itself.  Appellants filed a response in opposition to the preliminary objections, and on August 14, 2024, the trial

---

[7] As noted above, in the period between the filing of the Second Amended Complaint and the filing of the City's preliminary objections, Appellants filed the Injunction Motion, in which they sought to preliminarily enjoin the Ordinance's enforcement.  After a hearing, the trial court denied the Injunction Motion on June 24, 2024 (Injunction Order).  Appellants appealed the Injunction Order to this Court on June 25, 2024 (Injunction Appeal), the argument on which was cancelled and is being rescheduled to a later date.  *See G&B Amusements LLC v. City of Philadelphia* (Pa. Cmwlth., No. 863 C.D. 2024, filed November 5, 2025).

The City filed the instant preliminary objections after appealing the Injunction Order.  *See* Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 311(h) (where an interlocutory appeal by right is filed from an order denying a preliminary injunction, Pa.R.A.P. 1701(a) does not apply to divest the trial court of the ability to proceed further with the case).  After Appellants unsuccessfully sought in the trial court a stay of the Injunction Order pending appeal, they applied for a stay in this Court. We granted that application by Memorandum and Order entered December 6, 2024, which effectively precludes enforcement of the Ordinance pending the disposition of the Injunction Appeal or further Order of Court.

court, without a hearing[8] or argument, entered an order that "denied" the Second Amended Complaint "without prejudice with leave to amend." (Appellants' Br., App. A.) The trial court's order did not include any rationale, did not indicate which preliminary objections were sustained, and did not prescribe a deadline for amendment.

Appellants did not file a Third Amended Complaint, but, rather, appealed to this Court on September 3, 2024. In its Pa.R.A.P. 1925(a) opinion, the trial court explained that it sustained the City's first preliminary objection, concluding that Appellants lacked standing to bring suit. (Appellants' Br., at 3-4.) More specifically, the trial court concluded that Appellants failed to present any evidence of actual potential customers with whom G&B would not be able to contract because of the Ordinance. G&B therefore did not, according to the trial court, present evidence that it will have fewer sales and, therein, reduced revenue. *Id.* at 4. The trial court further concluded that Sandhu did not have standing because Oregon Conoco's Commercial Activity License was held by a corporation (Karj Singh, Inc.) and not Sandhu himself. Because Sandhu could not bring an action on Karj Singh, Inc.'s behalf, he lacked standing to challenge the Ordinance. *Id.*

.

---

[8] The Note to Pa.R.Civ.P. 1028(c) indicates that preliminary objections filed under Pa.R.Civ.P. 1028(a)(5) asserting lack of capacity to sue "cannot be determined from facts of record," and, accordingly, such preliminary objections must be endorsed with a notice to plead or no response is necessary. *Id.* If issues of fact are raised, the court may receive evidence to decide the preliminary objections. Pa.R.Civ.P. 1028(c)(2). Here, the City's preliminary objections were endorsed with a notice to plead, and Appellants filed a paragraph-by-paragraph response. The trial court did not receive any additional evidence prior to deciding the preliminary objections.

## II.    DISCUSSION

### A.    Motion to Quash

We first address Appellees' Motion to Quash because it implicates our jurisdiction over this appeal and, in this instance, is dispositive.[9]   In the Motion to Quash, Appellees argue that (1) the trial court's August 14, 2024 order was not a final, appealable order because it granted leave to amend the Second Amended Complaint, and (2) Appellants must, in any event, ask the trial court to enter a final order dismissing the Second Amended Complaint with prejudice.  Appellants retort that the trial court's order dismissed all claims against all parties, and, although it technically granted leave to amend, it did not specify which preliminary objections were sustained.  Appellants therefore argue that, in practical effect, the trial court's order is a final order dismissing all claims against all parties that is itself appealable without the need to request a further order of finality from the trial court.

Generally speaking, appeals to this Court may be taken only from final orders.  *See* Pa.R.A.P. 341(a); 42 Pa.C.S. § 762(a).  Pursuant to Pa.R.A.P. 341(b)(1)-(3), a final order is any order that "disposes of all claims and of all parties[,]" is "expressly defined as a final order by statute[,]" or is "entered as a final order . . . ."  "An order that sustains preliminary objections, but with leave to file an amended complaint, is generally considered to be interlocutory and not a final, appealable decree."  *Hionis v. Concord Township*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009).

In *Hionis*, a trial court sustained preliminary objections, dismissed the plaintiff's complaint without prejudice, and granted the plaintiff 20 days' leave to file a second amended complaint.  The trial court did not in its order or in its Pa.R.A.P.

---

[9] On September 27, 2024, this Court entered an order directing the parties to address the appealability of the trial court's order in their principal briefs or an appropriate motion.  The City responded by filing the Motion to Quash on October 25, 2024.

8

1925(a) opinion explain the basis for sustaining the defendants' preliminary objections. *Id.* at 1033. On appeal to this Court, the plaintiff in *Hionis* argued that it was not obligated to amend its complaint simply because the trial court granted it leave to do so, particularly because the trial court did not explain in its decisions what, if anything, the plaintiff needed to add or change to cure the deficiencies. *Id.* at 1033-34.

In quashing the appeal, we first noted that Pa.R.A.P. 341(a) was modified to its current version to impose stricter limits on the appealability of orders and dispense with what had developed as the "out of court" rule, whereby an order would be final and appealable if it, in practical effect, put the appellant out of court. *Id.* at 1034 (citing Pa.R.A.P. 341, Note). Although we acknowledged certain cases suggesting that an order sustaining preliminary objections without prejudice could be appealable where a litigant was unable to file an amended pleading, *see id.* (discussing *Westbury Realty Corporation v. Lancaster Shopping Center, Inc.*, 152 A.2d 669, 671 (Pa. 1959), and *Local No. 163 v. Watkins*, 207 A.2d 776 (Pa. 1965)), we nevertheless noted that those cases were decided under the prior and now-abrogated "out of court" test. *Id.* at 1034-35. Thus, although the trial court did not explain its reasons for sustaining the preliminary objections and therefore did not advise how amendment should be accomplished, the trial court's order nevertheless was not appealable because it did not dispose of all claims against all parties. *Id.*

We consistently have followed *Hionis* and quashed appeals where a party appeals from an order that sustains preliminary objections without prejudice and grants leave to amend. *See, e.g.*, *May v. Doe*, 269 A.3d 12865 (Pa. Cmwlth. 2022); *Chijioke-Uche v. Cobblestone Estates Community Association, Inc.* (Pa. Cmwlth., No. 999 C.D. 2024, filed August 13, 2025); *Shahid v. Jones* (Pa. Cmwlth., No. 311 C.D. 2024, filed May 23, 2025), *petition for allowance of appeal filed*, (Pa., No. 330 MAL 2025, filed

9

June 23, 2025);  *Paluch v. Shaffer* (Pa. Cmwlth., No. 2126 C.D. 2014, filed August 25, 2015) (quashing even where a trial court does not provide a deadline for amendment).[10] *But see May*, 269 A.3d at 1289 (distinguishing unreported cases where trial court orders that did not expressly or implicitly grant leave to amend were considered final and appealable).

Here, it is undisputed that the trial court's order dismissed Appellants' Second Amended Complaint without prejudice and granted leave to amend. Although the trial court did not identify the specific grounds for its order until it filed its Pa.R.A.P. 1925(a) opinion and did not provide a definitive deadline for amendment, the order nevertheless was not final and appealable. We accordingly must quash this appeal.

We hasten to add, however, as we did in *Hionis*, that Appellants are not left without recourse if they desire to forego further amendment of their Second Amended Complaint and immediately appeal the trial court's order sustaining Appellees' standing preliminary objections. Appellants may file a praecipe with the trial court requesting that it issue a final order dismissing the Second Amended Complaint with prejudice, from which it may appeal to this Court. *Hionis*, 973 A.2d at 1035-36 (relying on *Ayre v. Mountaintop Area Joint Sanitary Authority*, 427 A.2d 1294 (Pa. Cmwlth. 1981)). Although Appellants suggest that this additional step should not be necessary here, we continue to agree with our sentiment in *Hionis* that there are compelling reasons to require it:

> [A]n order sustaining preliminary objections often grants the plaintiff leave to amend within a time certain or suffer dismissal. Such an order is interlocutory and never will become appealable, because it is a mere direction that an order be entered at some time in the future, unaccompanied

---

[10] We cite these unreported panel decisions of this Court for their persuasive value pursuant to Pa.R.A.P. 126(b) and Section 414(a) of our Internal Operating Procedures, 210 Pa. Code § 69.414(a).

10

by actual entry of the specified order in the docket. In order to appeal such an order, the plaintiff must allow the period for amendment specified in the lower court's order to expire, and then praecipe the lower court clerk to enter an order dismissing the complaint.

*Hionis*, 973 A.2d at 1036 (quoting G. Ronald Darlington et al., 20 West's Pennsylvania Practice, Appellate Practice § 301:19 (2024-2025 ed.)) (emphasis omitted).

### III. CONCLUSION

Because the trial court's August 14, 2024 order was not final and appealable, we lack jurisdiction over this appeal and grant Appellees' Motion to Quash.

_____
PATRICIA A. McCULLOUGH, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

G&B Amusements LLC and           :
Harry Sandhu,                          :
                Appellants        :
                             :
            v.                  :     No. 1178 C.D. 2024
                             :
The City of Philadelphia and The   :
Council of the City of Philadelphia   :

## ***ORDER***

AND NOW, this 5th day of November, 2025, the Motion to Quash Appeal filed by The City of Philadelphia and The Council of the City of Philadelphia is GRANTED, and the appeal from the August 14, 2024 order of the Court of Common Pleas of Philadelphia County filed by G&B Amusements LLC and Harry Sandhu is hereby QUASHED.

_____
PATRICIA A. McCULLOUGH, Judge